UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                                           )
In re: Jacqueline Cash and Eric Reid,        )        Bk. No. 21-10475-BAH
                                                           )        Chapter 11
         Debtors                                      )        Hearing: Dec. 6, 2023
_____)        Time: 10:00 a.m.

## MOTION TO REOPEN ADMINISTRATIVELY CLOSED
## INDIVIDUAL CHAPTER 11 CASE

NOW COMES Creditor Craig Cheesman, by and through his attorneys, Bernstein, Shur, Sawyer & Nelson, PA, pursuant to Fed. R. Bankr. P. 5010, Local Rule 3022-1(B)(2) and 11 U.S.C. § 350(b), and respectfully requests that this Court reopen the instant individual Chapter 11 case for cause to the extent necessary to address a specific and limited issue related to enforcement of Debtors' Chapter 11 Plan obligations with respect to creditor Craig Cheesman, and states as follow:

1.      The Debtors filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on August 4, 2021.

2.      As reflected in the claims register in this case, Creditor Craig Cheesman held two claims against Debtors in the combined amount of $206,377.25 as well as certain equitable rights. *See* Claims 19-1 and 20-1.

3.      As reflected in the Confirmed Plan, "[a]fter considerable discussion with Cheesman and investigation" the Debtors and Cheesman "agreed to comprehensively compromise and settle all of the claims" held by Cheesman by the provisions reflected in the Confirmed Plan. (Doc. 156 at 22.)

4.      The Confirmed Plan provided specifically that "the Debtors shall convey to Cheesman the Cheesman Easement appurtenant over the historic logging path on the Homestead

Premises depicted generally on drawings and mark-ups reviewed by the parties, which is no more than 12' in width in any case, that may be used for the benefit of his adjacent premises and access to such premises."  (Doc. 156 at 22.)

5.      The Confirmed Plan further provided that "$100,000 of the claim held by Mr. Cheesman and asserted as Claim 20 in the amount of $146,377.25 shall be deemed discharged, extinguished and uncollectible as of the Effective Date, with only $46,377.25 of Claim 20 remaining due."  (Doc. 156 at 23.)

6.      The Confirmed Plan further provided that "on the Effective Date, Debtors shall be deemed to have waived their discharge with respect to the compromised, Allowed compromised claims in the total amount of $106,377.25 to be paid and treated as provided for in this Plan and agreed to the non-dischargeability thereof."  (Doc. 156 at 23.)

7.      As a result, "on the Effective Date Mr. Cheesman's combined $206,377.25 in claims asserted as Claim 19 and Claim 20 [were] reduced by $100,000 to a total of $106,377.25 leaving Mr. Cheesman with a combined non-dischargeable claim against Debtors in the amount of $106,377.25."  (Doc. 156 at 23.)

8.      The Confirmed Plan further provided that "[t]he Debtors shall execute and deliver to Mr. Cheesman on the Effective Date the Cheesman Plan Note, which shall be a full recourse non-dischargeable promissory note for the payment of the principal sum of $106,377.25, with no interest, as follows: (1) No payments for 3 years from the date of the Note; and then (2) In monthly payments in such amounts as would be necessary to amortize the unpaid principal balance over eight years following the initial three year period of no payments."  (*Id.*)

9.      The Confirmed Plan further provided that "[a]s security for the payment and performance of the Cheesman Plan Note, the Debtors shall execute and deliver to Mr. Cheesman

the Cheesman Plan Mortgage, which shall be a statutory power of sale mortgage of the Lot that is junior and inferior to all liens senior to such mortgage which are preserved by this Plan, including without limitation, the mortgages held by Farm and the Brigham Trust, if any." (*Id.*)

10.     Accordingly, Debtor's Chapter 11 Plan contemplates and requires the preparation of the Cheesman Plan Note, the Cheesman Plan Mortgage, and the Cheesman Easement.

11.     As explained at length and in further detail in Craig Cheesman's Motion to Compel Debtors' Compliance with Confirmation Order and Plan filed as <u>Exhibit 1</u> hereto, Debtors have failed to comply with the requirements of the Confirmation Order and their confirmed Chapter 11 Plan despite repeated and extensive efforts by Craig Cheesman over the course of more than a year to obtain voluntary compliance from Debtors.

12.     Accordingly, Creditor Craig Cheesman seeks to reopen the Bankruptcy case for the limited purpose of filing and obtaining resolution of Craig Cheesman's Motion to Compel Debtors' Compliance with Confirmation Order and Plan.

WHEREFORE, Craig Cheesman respectfully requests this Court to:

A.  GRANT this Motion to Reopen Administratively Closed Individual Chapter 11 Case; and

B.  GRANT such further relief as is equitable and just.

Respectfully submitted,

CRAIG CHEESMAN,

By his attorneys,

BERNSTEIN, SHUR, SAWYER & NELSON, PA

Dated: October 27, 2022        By:        /s/ Matthew J. Delude, Esq.
                                          Matthew J. Delude, Esq. (USBC NH Bar No. 07374)
                                          670 N. Commercial Street, Suite 108
                                          PO Box 1120
                                          Manchester, NH 03105-1120
                                          (603) 623-8700
                                          mdelude@bernstiensthur.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served copies of the foregoing Motion and the Proposed Order filed herewith upon the following via the Court's Electronic Filing System:

William S. Gannon                         James S. LaMontagne
William S. Gannon PLLC                    Sheehan Phinney Bass & Green PA
740 Chestnut Street                       1000 Elm Street
Manchester, NH 03104                      Manchester, NH 03101
bgannon@gannonlawfirm.com                 jlamontagne@sheehan.com

Kimberly Bacher
Office of the U.S. Trustee
53 Pleasant Street, Suite 2300
Concord, NH 03301
Kimberly.bacher@usdoj.gov

                              By: /s/ Matthew J. Delude, Esq.
                                     Matthew J. Delude, Esq.